UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

This Order Relates To:
MDL Dkt. Nos. 942, 947, 2033, 4375, 5883

*Vodonick*, No. 3:16-cv-0219-CRB,
Dkt No. 20

MDL No. 2672 CRB (JSC)

**ORDER DENYING MOTIONS TO REMAND**

The Court appointed Lead Counsel in early 2016 to represent a class of consumers who had purchased TDI diesel-engine cars. Several months before, John Vodonick had filed his own putative class action on behalf of TDI consumers, in California state court. Vodonick named Volkswagen Group of America, Inc. ("VWGoA"), Volkswagen AG ("VW AG"), and Roseville Volkswagen, LLC ("Roseville VW") as the defendants.

VWGoA and Roseville VW filed separate notices of removal, removing Vodonick's case to federal court based on diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d). Shortly after removal, Vodonick filed two motions to remand. (*See* MDL Dkt. Nos. 942, 947.) He later re-noticed his motions and, after the Court lifted a stay on remand motions, he filed an amended motion. (*See* MDL Dkt. Nos. 2033, 4375.)

Vodonick argues that remand of his case is warranted (1) because removal was untimely, and (2) because the Court lacks subject-matter jurisdiction. As explained more fully below, although VWGoA's removal notice was untimely, Roseville VW's notice was not. And even though Roseville VW filed its notice after VWGoA's, Roseville VW's notice was not a nullity. The Court also concludes that it has federal subject-matter jurisdiction over Vodonick's case.

When Vodonick filed his case and when the case was removed it satisfied § 1332(d)'s jurisdictional requirements. And Vodonick has not demonstrated that a CAFA exception applies. For these reasons, the Court concludes that Vodonick's case was properly removed to federal court. His motions to remand are therefore DENIED.[1]

### I. TIMELINESS OF REMOVAL

A case filed in state court may be removed by the defendants to federal court if there is federal subject-matter jurisdiction. *See* 28 U.S.C. § 1441(a); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). To effect removal, one or more of the defendants must file a notice of removal in the district court. *See* 28 U.S.C. § 1446(a). The defendants must file the notice within 30 days of when they were served with the summons and with a complaint that identifies a removable claim. *See id.* § 1446(b)(1), (3); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

A default rule is that "all defendants who have been properly joined and served must join in or consent to the removal." 28 U.S.C. § 1446(b)(2)(A). But under CAFA, a class action "may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). To determine when the summons and complaint were successfully served in a state court action, federal courts look to state law. *See Murphy*, 526 U.S. at 351, 354.

While procedural rather than jurisdictional, "the time limit [for removal under § 1446(b)] is mandatory and a timely objection to a late petition will defeat removal." *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1030 (9th Cir. 2017) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

**A. VWGoA's Removal Notice**

VWGoA filed a notice of removal on December 9, 2015. (*See Vodonick*, Case No. 3:16-cv-0219, Dkt. No. 1.) To determine whether that notice was timely, the relevant question is

---

[1] Vodonick has also filed an administrative motion to set a settlement conference or, in the alternative, to set a hearing on his motions to remand. (*See* MDL Dkt. No. 5883.) The Court declines to set a settlement conference at this time and, consistent with Civil Local Rule 7-1(b), concludes that oral argument on Vodonick's remand motions is not needed. Vodonick's administrative motion is DENIED.

2

whether VWGoA filed its notice within 30 days of when it was served with the complaint and summons.

The record supports that on October 23, 2015, Vodonick's counsel sent a copy of the complaint and summons from California to VWGoA's Virginia headquarters by certified, first-class mail. (*See* Nudelman Decl., MDL Dkt. No. 4375-1 at 5-6.) Vodonick's counsel requested a return receipt, and that receipt was later signed and shows that VWGoA received the mailed documents on October 26, 2015. (*See id.*, MDL Dkt. No. 4375-1 at 2, 4-6.)

Vodonick's method of service complied with California Code of Civil Procedure section 415.40, which provides that "[a] summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." Under section 415.40, "[s]ervice of a summons by this form of mail is deemed complete on the 10th day after such mailing."

Vodonick's mailing of the complaint and summons (by first-class mail, return receipt requested) took place on October 23. That means service was complete 10 days later, on November 2. Pursuant to 28 U.S.C. § 1446(b), VWGoA had 30 days from November 2 to file its notice of removal. VWGoA did not do so within that window. It instead filed its notice of removal on December 9, which was 37 days after November 2.

VWGoA argues that the 30-day clock for removal never began to run because Vodonick's service was deficient. In support of this position, VWGoA relies on California Code of Civil Procedure § 415.30(a). That section states that "[a] summons may be served by mail as provided in this section" if a copy of the summons and the complaint are mailed, by first-class mail, to the person to be served, "*together with two copies of the notice and acknowledgement* provided for in subsection (b) and a return envelope, postage prepaid, addressed to the sender." *Id.* (emphasis added). The subsection (b) notice reads in part as follows: "This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you . . . to liability for the payment of any expenses incurred in serving the summons upon you in any other manner permitted by law." Cal.

3

Code Civ. Proc. § 415.30(b). Section 415.30(c) states that "[s]ervice of a summons pursuant to [Section 415.30] is deemed complete on the date a written acknowledgement of receipt of summons is executed."

VWGoA asserts that, contrary to section 415.30(a), Vodonick did not include "two copies of the notice and acknowledgment" with his mailed service. And because "California law requires strict compliance with the service-by-mail requirements," *Gold v. Medartis, Inc.*, No. 15-CV-3203 DMG (PLAx), 2015 WL 4208468, at *3 (C.D. Cal. July 10, 2015), VWGoA argues that it was never properly served.

Sections 415.30 and 415.40 of the California Code of Civil Procedure provide two different means for delivering service by mail. *See* Judicial Council Comment to Cal. Code Civ. Proc. § 415.40 ("Section 415.40 provides one of two methods authorized by this article for delivering process by mail to the person or persons to be served. The other method of mail service is specified in Section 415.30."); *Inversiones Papaluchi S.A.S. v. Superior Court*, 20 Cal. App. 5th 1055, 1066 (2018) (noting that sections 415.30 and 415.40 are "two applicable sections of the Code of Civil Procedure that involve service by mail").

While section 415.30 requires the party initiating service to include two copies of a notice of acknowledgment with the mailed service, section 415.40 does not. Section 415.40 instead only requires "a return receipt." Cal. Code Civ. Proc. § 415.40. *See Anderson v. Sherman*, 125 Cal. App. 3d 228, 231-32 (1981) (explaining that a "Notice and Acknowledgment of Receipt" is an "integral part of service by mail under section 415.30 but not section 415.40").

Vodonick complied with the service requirements of section 415.40. He was thus not required to send VWGoA "two copies of the notice of acknowledgement," as required to execute service under section 415.30. Vodonick's service on VWGoA complied with California service rules and was completed on November 2, 2015. VWGoA had 30 days from then to file a removal notice. It did not do so, so its later removal of the case was untimely.

**B.    Roseville VW's Removal Notice**

Having concluded that VWGoA's December 9 removal notice was untimely, the next question is whether Defendants can instead rely on Roseville VW's December 23 removal notice.

4

It is undisputed that Vodonick did not serve Roseville VW prior to when Roseville VW filed its notice of removal. That means the 30-day clock for Roseville VW's removal never began to run. *See Murphy Bros.*, 526 U.S. at 347-48 (holding that § 1446(b)'s 30-day removal period is not triggered until formal service of the summons is made). Roseville VW's notice of removal was accordingly timely.[2]

Vodonick argues that Defendants can nevertheless rely on Roseville VW's notice. He notes that VWGoA's December 9 notice, while untimely, had the effect of removing his case from state court. And he asserts that Roseville VW's notice was thus "a nullity since the case had already been removed by [VWGoA]." (Reply, MDL Dkt. No. 4427 at 9.)

On this issue, of whether one defendant's untimely removal notice prevents another defendant from filing its own removal notice, neither side has cited to any case directly on point. But the issue is similar to one that the Ninth Circuit has addressed.

In *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011), the plaintiffs sued dozens of defendants in state court and served them at different times. The defendant that was served first didn't file a removal notice, but a later-served defendant did, filing a notice within 30 days of when it was served. A question before the court was whether the first-served defendant's 30-day window for removal also applied to the later-served defendant (the first-served rule), or whether each defendant had its own 30 days to remove the action (the later-served rule). *See id.* at 955-56.

The Ninth Circuit adopted the later-served rule. Looking at the text of § 1446(b), the court noted that "Congress has provided that a notice of removal must be filed 'within thirty days after the receipt by the defendant . . . of a copy of the initial pleading.'" *Destfino*, 630 F.3d at 955 (omission in original) (quoting 28 U.S.C. § 1446(b)). The court highlighted that the statute "speaks of 'the defendant'—not 'first defendant' or 'initial defendant.'" *Id.* From this, the court

---

[2] Service of the summons was also not required for Roseville VW to file a notice of removal. *See Novak v. Bank of N.Y. Mellon Trust Co.*, 783 F.3d 910, 911, 913 (1st Cir. 2015) (holding that "service is generally not a prerequisite for removal" and that § 1446(b) "continue[s] only to set the time at which a defendant's ability to remove expires"); *accord La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 97 (2d Cir. 2014); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000).

reasoned that the "most straightforward meaning is that each defendant has thirty days to remove after being brought into the case." *Id.*

The Ninth Circuit also concluded that the later-served rule was more equitable. The court reasoned that the later-served rule "treats all defendants equally, regardless of when they happen to be served," while the first-served rule "could deprive some defendants of their right to a federal forum because they were served too late to exercise that right." *Id.* at 955-56. The court also reasoned that, unlike the later-served rule, the first-served rule could "encourage plaintiffs to engage in unfair manipulation by delaying service on defendants most likely to remove." *Id.* at 956.

In 2011, Congress codified the later-served rule.[3] Section 1446(b) now expressly states that "[e]ach defendant shall have 30 days after receipt [of the summons and complaint] . . . to file the notice of removal," and that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(B), (C).

The facts here are somewhat different than those in *Destfino*. In *Destfino*, the first-served defendant failed to file a removal notice and a co-defendant then filed its own notice. Here, the first-served defendant (VWGoA) filed an *untimely* removal notice, and then a co-defendant (Roseville VW) filed its own notice. The question is whether this difference—between the first-served defendant not filing a removal notice and the first-served defendant filing an untimely removal notice—warrants a different result. The Court concludes that it does not. The same reasons that support the later-served rule in the former scenario also support it in the latter scenario.

As the *Destfino* court reasoned, and as the post-2011 version of § 1446(b) makes explicit, "[e]ach defendant" has 30 days after receipt of the summons and complaint to file a notice of

---

[3] *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, § 103, 125 Stat. 758, 760.

6

removal. 28 U.S.C. § 1446(b)(2)(B). The statute does not condition this right on whether an earlier-served defendant has filed its own removal notice. Thus, the statute implicitly supports that a later-served defendant may file a notice of removal even if an earlier-served defendant has already filed its own notice.

Also, whether the first-served defendant has failed to file a notice of removal (as in *Destfino*) or has filed an untimely notice (as here), the later-served rule ensures that each defendant has an equal amount of time to decide whether to seek removal. *See Destfino*, 630 F.3d at 955-56. And similar to how the later-served rule keeps plaintiffs from "delaying service on defendants most likely to remove," *id.* at 956, it also keeps plaintiffs from delaying service on more sophisticated defendants with the hopes that less sophisticated, earlier-served defendants will blunder their attempts to remove the case.

Vodonick responds by correctly noting that an untimely removal notice, as opposed to no removal notice, still has the effect of removing a case from state court, at least temporarily. *See* 28 U.S.C. § 1446(d) (stating that a state court, after it receives a copy of a removal notice, "shall proceed no further unless and until the case is remanded"); *see also Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1238 (9th Cir. 1994) ("[T]he clear language of the general removal statute provides that the state court loses jurisdiction upon the filing of the petition for removal."). He argues that once a case is removed from state court, it is impossible for a later-served defendant to remove the same case, for there is no case left in state court to remove. For this reason, he contends that a later-served defendant's removal notice, if it is not the first notice to be filed, is a nullity.

It is true that the first notice of removal, whether timely or not, divests the state court of jurisdiction (at least until the case is remanded). But that does not mean that a follow-on notice by a later-served defendant has no impact on the proceedings in *federal* court. Timely removal under § 1446 is a procedural necessity unless a challenge to timeliness is waived. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014). If only one removal notice is filed, and it is untimely, the case will likely be remanded. A follow-on notice by a later-served defendant, if timely, can change that result. It can turn an untimely removed case into a timely removed case. Thus, even

7

if a case has already been removed, a follow-on notice by a later-served defendant can have a material effect on the litigation if the first notice was deficient. The follow-on notice, under these circumstances, is not a nullity.

"Each defendant is entitled . . . to exercise his removal rights . . . ." *Destfino*, 630 F.3d at 956. Roseville VW did so here, and because its notice of removal was timely, removal of the case was also timely. Remand based on untimeliness is therefore not warranted.[4]

## II. DIVERSITY JURISDICTION

Roseville VW removed Vodonick's case based on Section 4 of CAFA, 28 U.S.C. § 1332(d), which provides federal district courts with diversity jurisdiction over class actions when (1) there are 100 or more putative class members, (2) the aggregate amount in controversy exceeds $5 million, and (3) any member of the proposed class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A), (5)(B). In a case that is removed to federal court, these requirements must be satisfied when the case is first filed and when the case is removed. *See Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

The § 1332(d) requirements were satisfied in Vodonick's case at the relevant times. When he filed his case and when the case was removed, the number of putative class members was greater than 100 persons. His complaint explains that he seeks to represent a class of "all those who purchased from Volkswagen a 2009 to 2015 Jetta, Beetle or Golf; a 2014 and 2015 Passat; or a 2009 to 2015 Audi A3; in California." (*Vodonick*, Case No. 3:16-cv-0219, Dkt. 9-2, Compl. ¶ 17.) According to VWGoA's business records, "approximately 40,000 of the diesel models listed by Plaintiff as owned or leased by the purported class in California were distributed." (*Vodonick*, Dkt. 9, Roseville VW's Notice of Removal ¶ 10.) 40,000 is of course well over 100.

Roseville VW's citizenship allegations, which are unchallenged by Vodonick, also support that when the case was filed and when it was removed, the parties were minimally diverse. Specifically, Roseville VW has alleged that Vodonick was "a citizen and resident of Nevada

---

[4] Because a class action may be removed "by any defendant without the consent of all defendants," 28 U.S.C. § 1453(b), neither VWGoA nor VW AG were required to consent to Roseville's notice of removal.

8

County, California," while one defendant in the case, VWGoA, was a citizen of New Jersey and Virginia, where it respectively maintained is headquarters and principal place of business. (*See id.* ¶¶ 12-13.) At least one putative class member, then, was a citizen of a different state than at least one defendant, as CAFA requires. *See* 28 U.S.C. § 1332(d)(2)(A).

Finally, the aggregate amount in controversy exceeded $5 million at the time of filing and at the time of removal. Among other remedies identified in the complaint, Vodonick has demanded a "refund of the purchase price or lease payments made by each plaintiff together with interest thereon at the legal rate." (Compl., Prayer for Relief ¶ 1.) As Roseville VW correctly notes:

> Given the size of the putative class (approximately 40,000), each putative class member's damages would have to amount to only $125.01 to meet CAFA's amount-in-controversy threshold. Since plaintiff seeks a total "refund of the purchase price or lease payment" on behalf of himself and each of the approximately 40,000 putative class members, there is no doubt that that threshold is satisfied here.

(Roseville VW's Notice of Removal ¶ 17.)

Although the § 1332(d) requirements are satisfied, Vodonick argues that the Court lacks jurisdiction for two reasons. First, he notes that the class which he sought to represent was ultimately subsumed into the certified 2.0-liter class, which Lead Counsel represented in proceedings before this Court. He contends that because the 2.0-liter class agreed to settle with Volkswagen, no further class action is pending. Or put differently, he suggests that because he opted out of the 2.0-liter class settlement, the only claims remaining are his individual claims, which would not by themselves support jurisdiction under CAFA. Second, Vodonick argues that the § 1332(d)(4)(A) local controversy exception to CAFA jurisdiction applies.

If Vodonick had filed his case after the 2.0-liter class settled with Volkswagen, it is possible that CAFA jurisdiction would be unavailable. But he filed his case in October 2015, and Roseville VW removed his case in December 2015. At those times, no TDI diesel-engine class had been certified and no class settlement had been reached. It was therefore possible at those times that Vodonick could have maintained a class action on behalf of 100 or more persons with

9

an aggregate amount in controversy exceeding $5 million.

The state of the case at those earlier dates is what matters when determining federal subject-matter jurisdiction. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007) ("[S]ubject-matter jurisdiction 'depends on the state of things at the time of the action brought[.]'" (quoting *Mullan v. Torrance*, 9 Wheat. 537, 539 (1824))); *Strotek*, 300 F.3d at 1131 ("[R]emoval jurisdiction on the basis of diversity . . . must exist[] as of the time the complaint is filed and removal is effected."). Jurisdiction under CAFA is no exception. *See United Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010) (holding that "post-removal denial of class certification does not divest federal courts of jurisdiction" under CAFA because "a putative class action, once properly removed, stays removed;" "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing"). Because CAFA jurisdiction existed when Vodonick filed his complaint and when Roseville VW removed his case, it continues to exist today.

With respect to Vodonick's reliance on the § 1332(d)(4)(A) local controversy exception, he bears the burden of establishing that the exception applies. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883-84 (9th Cir. 2013). The exception provides that a district court "shall decline to exercise jurisdiction"

> (A)(i) over a class action in which--
>
> > (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> >
> > (II) at least 1 defendant is a defendant--
> >
> > > (aa) from whom significant relief is sought by members of the plaintiff class;
> > >
> > > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > >
> > > (cc) who is a citizen of the State in which the action was originally filed; and
> >
> > (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4)(A).

At a minimum, the (A)(i)(II)(bb) requirement is not met here. Roseville VW is the only defendant that was a citizen of California, the state where the action was originally filed, at the relevant time. But Vodonick has not demonstrated that Roseville VW's conduct "forms a significant basis for the claims asserted by the proposed plaintiff class."

The Ninth Circuit has explained that "[t]o determine if the 'basis for the claims' . . . is [significant]," under this clause of § 1332(d)(4)(A), "we compare the allegations against [the local defendant] to the allegations made against the other Defendants." *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1118 (9th Cir. 2015). Another consideration is whether "a significant number or percentage of putative class members" have claims against the local defendant. *Id.* at 1119 (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006)).

The allegations against Roseville VW are much less substantial than those against the non-local defendants, VWGoA and VW AG. Vodonick alleges that VWGoA and VW AG manufactured, distributed, and marketed the cars in question, and that they installed a defeat device in the cars in order to intentionally deceive U.S. regulators and consumers. (*See* Compl. ¶¶ 8-10, 34.) Those are the core allegations that drive Vodonick's claims. In comparison, Vodonick attributes limited conduct to Roseville VW, specifically alleging only that Roseville VW was the car dealership that sold him a TDI car. (*See* Compl. ¶¶ 5, 21.)

The record also does not support that a significant number or percentage of the putative class members have claims against Roseville VW. Roseville VW is a single California dealership. No allegations support, and there is no reason to believe, that it was responsible for selling more than a small fraction of the 40,000 TDI cars that were sold in California.

Because the allegations against Roseville VW are limited in comparison to those against VWGoA and VW AG, and because no allegations or evidence supports that a significant number or percentage of the putative class members have claims against Roseville VW, Vodonick has not

carried his burden of establishing that Roseville VW's conduct "forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). The § 1332(d)(4)(A) local controversy exception therefore does not apply.

The § 1332(d) requirements for diversity jurisdiction under CAFA are satisfied, and Vodonick has not proven that an exception to CAFA applies. The Court accordingly concludes that it has subject-matter jurisdiction over Vodonick's case.

### III. CONCLUSION

Roseville VW's notice of removal was timely; it was also not a nullity just because it was the second removal notice filed. The jurisdictional basis for removal that Roseville VW has identified, diversity jurisdiction under CAFA, is also sound. Vodonick's case was thus properly removed to federal court. Vodonick's motions to remand are DENIED.

**IT IS SO ORDERED.**

Dated: April 10, 2019

CHARLES R. BREYER
United States District Judge