IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN VODONICK, | Case No.  16-cv-00219-CRB |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS** |
| VOLKSWAGEN AKTIENGESELLSCHAFT, et al., | |
| Defendants. | |

Plaintiff John Vodonick opted out of the class action settlements that resolved most civil actions against Volkswagen AG and Volkswagen Group of America.  Vodonick later accepted Volkswagen's Rule 68 offer.  As permitted by that offer, he now moves for attorneys' fees and costs.  The Court awards Vodonick $21,175.00 in fees.

## I.   BACKGROUND

This Court has previously described the events that are the basis for Vodonick's claims:

> Over the course of six years, Volkswagen sold nearly 500,000 Volkswagen– and Audi-branded TDI "clean diesel" vehicles, which they marketed as being environmentally friendly, fuel efficient, and high performing.  Consumers were unaware, however, that Volkswagen had secretly equipped these vehicles with a defeat device that allowed Volkswagen to evade United States Environmental Protection Agency ("EPA") and California Air Resources Board ("CARB") emissions test procedures.  Specifically, the defeat device produces regulation-compliant results when it senses the vehicle is undergoing testing, but operates a less effective emissions control system when the vehicle is driven under normal circumstances.  It was only by using the defeat device that Volkswagen was able to obtain Certificates of Conformity from EPA and Executive Orders from CARB for its TDI diesel

engine vehicles.  In reality, these vehicles emit nitrogen oxides ("NOx") at a factor of up to 40 times over the permitted limit.

In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., No. 15-md-02672-CRB (JSC), 2016 WL 6248426, at *1 (N.D. Cal. Oct. 25, 2016).  The scandal led to numerous government actions and over a thousand civil lawsuits, which were consolidated before this Court by the Judicial Panel on Multidistrict Litigation.  Id. at *2.  The bulk of the civil actions were resolved in two settlements (one concerning 2.0-liter TDI vehicles and another for 3.0-liter TDI vehicles) approved by the Court.  See generally In re: Volkswagen, 2016 WL 6248426; 3.0-Liter Class Action Settlement Approval Order (dkt. 3229).

Vodonick opted out of the Class Settlements.  See List of Opt-Outs (MDL dkt. 2102-1) at 37.  He sued Volkswagen in California Superior Court in October 2015. Brief (dkt. 23-1) at 2.  Vodonick requested leave to petition for judicial coordination, which Volkswagen did not oppose. Opp'n (MDL dkt. 7678) at 3. Before Vodonick's petition was decided, in December 2015, Volkswagen removed the case to the Eastern District of California, which transferred it to the MDL before this Court in January 2016. Id. at 3–4. Once the case was transferred to the MDL, the Court immediately stayed it. (MDL dkt. 2) at 1, 3.  The Court denied Vodonick's subsequent requests for remand.  See Orders Denying Remand (MDL dkt. 6126, 7522), (dkt. 21).  In April 2020, Vodonick filed a First Amended and Supplemental Complaint, which included Song-Beverly Act, breach of contract, unfair business practices, fraud, and product liability claims.  FAC (MDL dkt. 7335) at 1.

On June 9, 2020, the Court lifted the stay.  (MDL dkt. 7515).  The same day, Volkswagen served Vodonick with a Rule 68 offer of $40,000, which Vodonick accepted. Opp'n (MDL dkt. 7278) at 9; Notice of Acceptance (dkt. 22).  The offer allowed Vodonick to seek reasonable fees and costs to be determined by the Court.  Notice of Acceptance (dkt. 22) at 2.

Vodonick now requests $1,143,935 in fees and $2,144 in costs.  Brief (dkt. 23-1) at 7.  Volkswagen argues that Vodonick is not entitled to fees or costs, and, alternatively, that

1  Vodonick is entitled to only a fraction of the fees that he requests.  Opp'n (MDL

2  dkt. 7678) at 4–5, 7.

3  **II.      LEGAL STANDARD**

4          When a federal court has subject matter jurisdiction over a case based on diversity

5  of the parties, state law determines a party's entitlement to attorneys' fees and costs.

6  Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995).  Under California

7  law, "in any action on a contract, where the contract specifically provides for an award of

8  attorney fees and costs, which are incurred to enforce that contract[,]. . ." the prevailing

9  party is entitled to reasonable attorneys' fees.  Cal. Civ. Code § 1717.

10          If a plaintiff is entitled to attorneys' fees, California determines the amount using

11  the lodestar method, which "first calculates the number of hours reasonably spent

12  multiplied by the reasonable hourly rate for each billing professional, and then . . .

13  adjust[s] the amount based on various relevant factors to ensure the fee reflects the fair

14  market value of the attorney services for the particular action."  K.I. v. Wagner, 225 Cal.

15  App. 4th 1412, 1425 (Cal. Ct. App. 2014) (internal quotation marks and alterations

16  omitted).  It is the prevailing party's burden to show that the fees it seeks are reasonable.

17  Nightingale v. Hyundai Motor Am., 31 Cal. App. 4th 99, 104 (Cal. Ct. App. 1994).

18          In the absence of a state law provision that allows for the award of costs "as a part

19  of substantive, compensatory damages scheme," Rule 54(d) of the Federal Rules of Civil

20  Procedure governs an award of costs in federal district court.  See Champion Produce, Inc.

21  v. Ruby Robinson Co., 342 F.3d 1016, 1022 (9th Cir. 2003); Clausen v. M/V NEW

22  CARISSA, 339 F.3d 1049, 1065 (9th Cir. 2003).  Rule 54 allows the prevailing party to

23  recover costs, not including attorneys' fees, unless a federal statute, court order, or other

24  federal rule provides otherwise.  Fed. R. Civ. P 54(d)(1).

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.   DISCUSSION

### A.   Attorneys' Fees

Vodonick seeks $1,143,935 in attorneys' fees.  Brief (dkt. 23-1) at 3.  Volkswagen argues that Vodonick is not entitled to fees because he has not established a basis for fee-shifting.  Opp'n (MDL dkt. 7678) at 2.  Vodonick argues that he is entitled to fees because he is the prevailing party under ". . . Calif. Code of Civil. Proc. § 1021.5, Calif. Civ. Code §§ 1717, 1790, et. seq., 1780(e), and the Unfair Business Practices and False Advertising Act of Calif. Bus. and Prof. Code 17200, 17500, et. seq."  Motion (dkt. 23) at 3.

#### 1.   Entitlement to Fees

Under Section 1717 of the California Civil Code, "in any action on a contract, where the contract specifically provides for an award of attorney fees and costs, which are incurred to enforce that contract[,]. . ." the prevailing party is entitled to reasonable attorneys' fees.   Cal. Civ. Code § 1717.

Vodonick alleges that the vehicle lease agreement between Volkswagen and Vodonick "contained a provision providing that the prevailing party would have his reasonable attorney fees as additional damages."  See Reply (dkt. 26) at 2–3; Amended and Supplemental Complaint (MDL dkt. 7335) ¶ 16.  Vodonick argues that because he asserted breach of contract as a cause of action, this litigation is "[an] action on a contract, where the contract specifically provides for an award of attorney fees and costs."  Cal. Civ. Code § 1717; Reply (dkt. 26) at 2–3.  Although Vodonick did not attach the lease agreement to his complaint or his motion for attorneys' fees, Volkswagen did not directly dispute that Vodonick's lease agreement contains an attorneys' fee provision.  See generally Opp'n (MDL dkt. 7678).  Thus, California Civil Code Section 1717 provides a basis upon which Vodonick is entitled to recover attorneys' fees.[1]

---

[1] Vodonick is not entitled to fees on any other basis.  Vodonick did not discuss Section 1021.5 of the California Code of Civil Procedure beyond a singular reference to it in his motion and thus did not carry his burden to establish entitlement to fees under Section 1021.5.  See Ebbetts Pass Forest Watch v. Dep't of Forestry & Fire Prot., 187 Cal. App. 4th 376, 381 (2010).  Nor does Vodonick explain why the Song-Beverly Act entitles him to fees.  See Civil L.R. 7-4(a).  Vodonick did not bring any claim under the CLRA, and neither California Unfair Competition Law (UCL) nor

4

United States District Court
Northern District of California

2.    **Reasonableness of Vodonick's fee request**

Vodonick requests $879,500 in fees with a multiplier of 1.3, for a total of $1,143,935.  Volkswagen argues that, if Vodonick is entitled to recover any fees, Vodonick's counsel's claimed hours and hourly rate should be reduced.  Additionally, Volkswagen argues that Vodonick is not entitled to a multiplier.  The Court awards Vodonick a significantly reduced sum of $21,175.

a.    **Hourly Rate**

To show that the requested rates are reasonable, parties must "produc[e] satisfactory evidence that [they] are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Obrien v. FCA US LLC, No. 17-cv-04042-JCS, 2019 WL 5295066, at *5 (N.D. Cal. Oct. 18, 2019) (citing Jordan v. Mulnomah Cty., 815 F.2d 1258, 1263 (9th Cir. 1987)).  The relevant legal community is the forum district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).  Affidavits from comparably qualified practitioners in the same forum, decisions of other courts, and the Court's own experience all help determine reasonable rates. Obrien, 2019 WL 5295066, at *5.

Vodonick's counsel, Michael Nudelman, states that his hourly rate is $715 per hour. Brief (dkt 23-1) at 6.  Although in his declaration Nudelman states that his hourly rate has been $715 per hour for "over four years," he listed his normal billing rate as $500 per hour in two previous filings in 2019. See Nudelman Declaration (dkt. 23-2) at 2; Case Management Statement (MDL dkt. 6187) at 5; Suggestion for Setting Bellwether Trial (MDL dkt. 6622) at 4.  Vodonick contends that Nudelman's "normal rate in the Nevada City" is $500 per hour and "the rate in the Bay Area" is $715 per hour, Reply (dkt. 26) at 12,  but the only evidence that Nudelman submits in support of his argument that $715 per hour is a reasonable rate is the Laffey matrix, which reports fees for attorneys in the Washington, D.C. area.  Nudelman Declaration (dkt. 23-2) at 11–14.  This evidence does

_____

California False Advertising Law (FAL) provides for attorneys' fees.  Hambrick v. Healthcare Partners Med. Group, Inc., 238 Cal. App. 4th 124, 157 (2015).

5

1    not establish a reasonable rate for an attorney with comparable credentials in the Northern

2    District of California.  See Bluegrowth Holdings Ltd. v. Mainstream LtdVentures, LLC,

3    No. CV-13-1452-CRB, 2014 WL 3518885, at *3 (N.D. Cal. July 16, 2014)("[It] is unclear

4    why the Court would rely on [the Laffey Matrix] when market rates for attorneys in

5    California . . . are readily available.").

6            The Court thus reduces Nudelman's requested rate to $500 per hour.

7                                    **b.    Time**

8            The Court excludes any hours not "reasonably expended," including those that are

9    "excessive, redundant, or otherwise unnecessary."  Jankey v. Poop Deck, 537 F.3d 1122,

10   1132 (9th Cir. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

11   "Ultimately, a 'reasonable' number of hours equals the number of hours which could

12   reasonably have been billed to a private client."  Gonzalez v. City of Maywood, 729 F. 3d

13   1196, 1202 (9th Cir. 2013) (internal quotation marks and alterations omitted).

14                                 **i.    Docket Review**

15           Nudelman reports that he spent a total of 686.2 hours reviewing MDL and state

16   court dockets.  See Appendix A, Opp'n (MDL dkt. 7678-1).  Volkswagen argues that the

17   Court should exclude these hours.  Opp'n (MDL dkt. 7678) at 8–9.  Vodonick responds

18   that this case required a "high degree of vigilance" and that Nudelman monitored court

19   orders, notices from the clerk, and motions in order to consider their importance to his

20   client's case.  Reply (dkt. 26) at 5.

21           As Volkswagen notes, Nudelman's time entries for docket review do not explain

22   which documents Nudelman reviewed or why he reviewed them.  There are 6,532 time

23   entries for docket review, 0.1 hours for each entry, which categorize the activity as

24   "[r]eview for relevancy and importance."  See Appendix A, Opp'n (MDL dkt. 7678-1).

25   Most description sections of these entries include single words such as "Motion," "Order,"

26   "Minute," "First," and "MDL," and some include no description at all.[2]  See e.g.,

27   _____

28   [2] In his reply, Vodonick acknowledges that 120 entries have no description and accordingly
     withdraws 12 hours from his request. Reply (dkt. 26) at 10.

United States District Court
Northern District of California

Appendix A, Opp'n (MDL dkt. 7678-1) at 5–6, 13, 201.  Based upon these vague entries, it is impossible to discern which documents Nudelman reviewed and whether it was reasonable for him to spend six minutes reviewing each of them.  See Santiago v. Equable Ascent Fin., No. C-11-3158-CRB, 2013 WL 3498079, at *5–6, (N.D. Cal. July 12, 2013) (excluding hours where the time entry descriptions were too vague for the court to determine whether the tasks were reasonably related to the work performed).  Therefore, the Court excludes 686.2 hours from Vodonick's fee award.

### ii.      Complaint Research and Drafting

Nudelman recorded 64.3 hours for researching and drafting Vodonick's original complaint and his supplemental and amended complaint.  See Appendix C, Opp'n (MDL dkt. 7678-3).  Volkswagen argues that the amount of time spent was inefficient, excessive, and should be reduced to no more than 9.65 hours.  Opp'n (MDL dkt. 7678) at 11. Vodonick responds that the complaints that Nudelman drafted "did not consist of boilerplate" and required extensive research, review of other filings, and conferral with his client.  Reply (dkt. 26) at 11–12.  Additionally, Vodonick argues that Nudelman originally drafted the complaint as a class action.  Id. at 12.

Of the 64.3 hours, Nudelman reported 10.5 hours spent on drafting the initial complaint and 4 hours spent on drafting the amended complaint.  See Appendix C, Opp'n (MDL dkt. 7678-3).  The amended complaint repeated many allegations contained in the initial complaint and replaced one cause of action.  See generally Complaint (dkt. 1-1); See also Amended and Supplemental Complaint (MDL dkt. 7335) at 13–15; Opp'n (MDL dkt. 7678) at 11.  In this MDL, this Court has found that 1.5 hours is an appropriate time for counsel to spend drafting both the initial and amended complaint for one plaintiff.  See In re: Volkswagen "Clean Diesel" Marketing, Sales Prac., and Prod. Liab. Litig., No. 15-MD-02672-CRB, 2020 WL 2086368, at *11–12 (N.D. Cal. Apr. 30, 2020); See also In re: Volkswagen "Clean Diesel" Marketing, Sales Prac., and Prod. Liab. Litig., No. 15-MD-02672-CRB, 2020 WL 5371404, at *14 (N.D. Cal. Sept. 8, 2020)(finding it reasonable for plaintiffs' counsel to spend "only slightly higher" than ninety minutes, per plaintiff, for

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1 | drafting an initial and amended complaint).

2 |       Nudelman also recorded 49.8 hours spent on work related to the preparation and

3 | filings of the initial and amended complaint such as factual research, researching causes of

4 | action, and preparing filings related to the complaint.  See Appendix C, Opp'n (MDL dkt.

5 | 7678-3).  The Court has previously found that it is reasonable for attorneys to spend time

6 | on tasks related to the complaints other than drafting.  See In re: Volkswagen "Clean

7 | Diesel" Marketing, Sales Prac., and Prod. Liab. Litig., 2020 WL 5371404, at *8.

8 | However, due to the similarities between Vodonick's initial complaint and the amended

9 | and supplemental complaint, a reduction is warranted.  The only significant difference

10 | between Vodonick's initial complaint and his amended complaint is the substitution of an

11 | unjust enrichment claim for a product liability claim.  See Complaint (dkt. 1-1) at 12;

12 | Amended and Supplemental Complaint (MDL dkt. 7335) at 13–15.

13 |       For these reasons, the Court reduces all complaint-related hours by 85% from 64.3

14 | hours to 9.65 hours.  See In re: Volkswagen "Clean Diesel" Marketing, Sales Prac., and

15 | Prod. Liab. Litig., 2020 WL 2086368, at *11–12 (applying an 84% reduction for hours

16 | billed drafting the initial complaint and a 90% reduction for hours billed drafting the

17 | amended complaint).

18 | ### iii.     JCCP Coordination

19 |       Volkswagen argues that the Court should reduce the 52 hours that Nudelman

20 | recorded as time spent preparing documents related to Vodonick's petition for judicial

21 | coordination.  See Opp'n (MDL dkt. 7678) at 11; Appendix D, Opp'n (MDL dkt.

22 | 7678).  Volkswagen argues that 52 hours spent on drafting and filing a total of 11 pages of

23 | documents is excessive.  Id. [3]  Vodonick responds that Nudelman's efforts for judicial

24 | coordination benefited his client and required time spent researching procedures,

25 | reviewing documents, and conferring with other attorneys.  Reply (dkt. 26) at 9.

26 |       While page length is not always a "reliable indicator of how much time reasonably

27 |

28 | [3] Volkswagen mistakenly states that filings included a total of 11 pages. Instead, the filings were a total of 13 pages.

was incurred in preparing [a filing]," 16 hours for 8 pages of filings and 32 hours for 6 pages of filings is excessive.  See Bobol v. HP Pavilion Mgmt., No. 04-CV-00082-JW, 2016 WL 927332, at *4 n.5 (N.D. Cal. Apr. 10, 2006); Opp'n (MDL dkt. 7678) at 11.[4] And while the 5-page declaration, filed on October 6, 2015, likely involved research and preparation, the accompanying 3-page memoranda of points and authorities comprises two large block quotes from sections of the California Code of Civil Procedure and one additional paragraph.  See Exhibit 3, Monahan Declaration, Opp'n (MDL dkt. 7678-15). The 3-page notice of submission of petition filed on October 23, 2015 contains boilerplate language, including a list of cases which Vodonick sought to coordinate, and the accompanying 3-page petition for coordination repeats the same list.  See Exhibit 4, Monahan Declaration, Opp'n (MDL dkt. 7678-15).  It is unclear why the October 23 filings required twice the amount of time as the October 6 filings when the October 6 filings contained more substantive legal argument and were longer.  Furthermore, Vodonick does not explain why these filings took Nudelman, an attorney with over 40 years of experience "in complex civil litigation and consumer litigation," 48 hours.  See Nudelman Declaration (dkt. 23-2) at 2.

Additionally, Nudelman spent 4 of the 52 total hours "drafting documents related to petition for judicial coordination" after Vodonick's case had already been removed to federal court.  See Nudelman Declaration (dkt. 23-2) at 18; See also Opp'n (MDL dkt. 7678) at 16.  This Court has previously excluded hours spent on JCCP-related tasks performed after a case's removal to federal court.  See In re: Volkswagen "Clean Diesel" Marketing, Sales Prac., and Prod. Liab. Litig., 2020 WL 5371404, at *11.

The Court excludes from this category the 4 hours that Mr. Nudelman billed on January 11 and reduces the other 48 JCCP-related hours by 90% to a total of 5 hours.

### iv.    Remand Motions

Nudelman recorded 180.9 hours related to motions to remand.  Appendix E, Opp'n

---

[4] Volkswagen mistakenly states that the October 6, 2015 filings included 7 pages and that the October 23, 2015 filings included 4 pages.

United States District Court
Northern District of California

1   (MDL dkt. 7678-5).

2          The standard for reasonableness is not whether the motion was a "necessary step to

3   the plaintiff's ultimate victory" but whether the claimed hours were "reasonably spent in

4   pursuit of the litigation." <u>Jacobson v. Persolve, LLC</u>, No. 14-cv-00735-LHK, 2016 WL

5   7230873, at *11 (N.D. Cal. Dec. 14, 2016).  The Court reduces hours that Nudelman

6   reports for work on remand motions not because they were unsuccessful, but because

7   much of Nudelman's work was excessive, duplicative, or unnecessary.

8          Some of the time Vodonick reports for Nudelman's work on remand motions is

9   duplicative.  Nudelman billed 19.5 hours for tasks related to his first motion to remand

10  which was filed on January 2, 2016 and January 3, 2016 in the Eastern District.  <u>See</u> First

11  Motion to Remand (dkt. 13); Amended Notice (dkt. 14); Appendix E, Opp'n (MDL dkt.

12  7678-5).  Once transferred to the Northern District, Vodonick filed another motion to

13  remand on January 15, 2016, for which he recorded 45.3 hours.  <u>See</u> Appendix E, Opp'n

14  (MDL dkt. 7678-5).  These motions are <u>identical</u> except for a few details in the preliminary

15  statement and procedural history sections, and one paragraph added to the argument

16  section of the January 15 memorandum of points and authorities.  <u>See</u> MPA (dkt 13-1) at

17  1–3, 7; MPA (MDL dkt 942-2) at 1–4, 8.  The hours that Nudelman recorded for his work

18  on these two motions are unreasonable.

19         Volkswagen identifies two discrepancies in Nudelman's time records and suggests

20  that they indicate excessive or unnecessary work.  Opp'n (MDL dkt. 7678) at 12.  First, as

21  Volkswagen notes, Nudelman billed 24 hours over the course of three days in August 2017

22  for drafting a motion to remand.  <u>Id.</u>  However, Vodonick did not file a motion to remand

23  until three months later, on November 16, 2017.  <u>See</u> Motion to Remand (MDL dkt. 4375).

24  Vodonick provides no explanation.  <u>See generally</u> Reply (dkt. 26).  Even if the Court

25  assumes that Nudelman spent the 24 hours in question drafting the November 16 motion to

26  remand, that time is excessive.  The November 16 motion is <u>identical</u> to a previous motion

27  to remand filed on August 7, 2017.  <u>See</u> Motion to Remand (MDL dkt. 4375); Motion to

28  Remand (dkt. 20).  The November 16 motion is also nearly identical to the previous

United States District Court
Northern District of California

January 15, 2016 motion, except it includes 3 new pages of argument.  <u>See</u> Motion to Remand (MDL dkt. 4375); (MDL dkt 942-2).  The 24 hours billed in August 2017 were excessive.

Second, there are several undated time entries recorded for drafting a reply brief to Volkswagen's opposition to Vodonick's remand motions.  The three entries report a total of 21.5 hours and are listed among time entries dated between November 22–27, 2017.  <u>See</u> Appendix E, Opp'n (MDL dkt. 7678-5); Opp'n (MDL dkt. 7678) at 12.  There are two other undated time entries, reporting a total of 19.5 hours for drafting a reply brief, listed among time entries dated between December 20–21, 2017.  <u>See</u> Appendix E, Opp'n (MDL dkt. 7678-5); Opp'n (MDL dkt. 7678) at 12.  Vodonick filed his reply brief on November 27, 2017.  <u>See</u> Reply in Support of Motion to Remand (MDL dkt. 4427).  Without dates on these entries the Court is unable to determine whether the amount expended was reasonable, and Vodonick does not clarify or even address the issue in his reply in support of this pending fee motion.  <u>See generally</u> Reply (dkt. 26).

The Court reduces the 180.9 hours that Nudelman spent on motions to remand by 95%, leaving 10 hours of compensable time.  <u>See</u> <u>Fallay v. San Francisco City and Cty.</u>, No. C-08-2261-CRB, 2016 WL 879632, at *5 (N.D. Cal Mar. 8, 2016)("'If counsel cannot further define his billing entries so as to meaningfully enlighten the court of those related to the [fee claim], then the trial court should exercise its discretion in assigning a reasonable percentage to the entries or simply cast them aside.'")(quoting <u>Bell v. Vista Unified Sch. Dist.</u>, 92 Cal. App. 4th 672, 689 (2000)).

### v.    Client Conferences

Nudelman billed 68.9 hours for conferring with his client.  <u>See</u> Appendix F, Opp'n (MDL dkt. 7678-5).

While some continued work during a stay is reasonable, plaintiffs must "explain why expending such a large amount of time during the stay in [a] case was reasonable."  <u>See</u> <u>Alzheimer's Inst. of Am. v. Eli Lilly & Co.</u>, No. 10-cv-00482-EDL, 2016 WL 7732621, at *7 (N.D. Cal. Apr. 14, 2016).  Although it is true, as Vodonick

1   responds, that Nudelman is "required to make his client aware of all the important
2   proceedings in the case," Vodonick has failed to explain why it was reasonable for
3   Nudelman to spend one hour reviewing his client's file every two months, especially while
4   Vodonick's case was stayed.  See Reply (dkt. 26) at 10.  Accordingly, the Court reduces by
5   90% the hours that Nudelman spent preparing for client conferences.  See Alzheimer's
6   Inst., 2016 WL 7732621, at *7 (reducing requested fees by 90% because plaintiff did not
7   justify "expending such a large amount of time during the stay" in the case).

### vi.    Fact Sheet

9       Nudelman records 12.3 hours for reviewing information provided by the client and
10  preparing his client's fact sheet.

11      The Court has previously found that 2.9 hours of work spent on a fact sheet is
12  reasonable.  See In re: Volkswagen "Clean Diesel" Marketing, Sales Prac., and Prod.
13  Liab.Litig., 2020 WL 2086368, at *10.  The Court reduces the hours that Nudelman spent
14  working on the fact sheet to 3 hours.

### vii.    Clerical Tasks

16      Volkswagen identifies three time entries that it characterizes as clerical work and
17  argues that those 6.4 hours are unrecoverable.  See Appendix B, Opp'n (MDL dkt. 7678-2)
18  at 3; Opp'n (MDL dkt. 7678) at 10.  These tasks include ordering a copy of court files,
19  emailing a proposed order to the judge, and processing and filing a Notice of Errata.  Id.
20  Vodonick admits that Nudelman mistakenly logged these entries.  Reply (dkt. 26) at 7.

21      The Court thus excludes the 6.4 hours from the three time entries that Volkswagen
22  identified.

### viii.    Unnecessary Work

24      Volkswagen identifies additional time entries for which it argues Nudelman's work
25  was unnecessary.  First, Volkswagen objects to the 54.5 hours that Nudelman recorded for
26  time spent reviewing and analyzing filings related to the Bellwether trial including jury
27  instructions, verdict forms, and motion in limine reply briefs.  See Appendix B, Opp'n
28  (MDL dkt. 7678-2) at 1–2; Opp'n (MDL dkt. 7678) at 9–10.  Volkswagen argues that it

United States District Court
Northern District of California

1   was unnecessary for Nudelman to spend extensive time reviewing filings in preparation for

2   a hypothetical trial that would take place "months or even years after the opt-out trial." <u>Id.</u>

3   Volkswagen also notes that Nudelman would likely have "had to redo all of this work

4   closer to [that] trial date." <u>Id.</u> Vodonick responds that one of the purposes of a Bellwether

5   trial is to allow other plaintiffs to monitor the trial in order to prepare and strategize for

6   their own cases.  Reply (dkt. 26) at 7.

7          Courts exclude time that is expended on work that is "legally or factually unrelated

8   to [plaintiff's] claims in the lawsuit, baseless, or otherwise deficient."  <u>See</u> <u>Jacobson v.</u>

9   <u>Persolve, LLC</u>, 2016 WL 7230873, at *11.  On December 12, 2019, this Court denied

10  Vodonick's motion to set his case for trial as a bellwether plaintiff.  <u>See</u> Docket Entry

11  Denying Motion (MDL dkt. 6987).  Because Vodonick has not adequately explained why

12  Nudelman spent a significant amount of time reviewing the filings for a trial not involving

13  Vodonick while his case was stayed, the Court excludes these 54.5 hours.  <u>See</u> <u>Jacobson v.</u>

14  <u>Persolve, LLC</u>, 2016 WL 7230873, at *11; <u>Alzheimer's Inst.</u>, 2016 WL 7732621, at *7.

15         Volkswagen also objects to 57.1 hours of recorded work that it considers unrelated

16  to Vodonick's case, unnecessary, and unrecoverable.  <u>See</u> Appendix B, Opp'n (MDL dkt.

17  7678-2) at 4; Opp'n (MDL dkt. 7678) at 10.  Among the time entries to which Volkswagen

18  objects, Nudelman reported that he spent 23.2 of those hours researching "contraband," 8.7

19  hours researching grounds for fee awards, and 5.8 hours researching "trial preparation and

20  discovery."  <u>Id.</u>

21         The Court excludes the 57.1 hours that Nudelman spent on these additional tasks.

22  Vodonick responds only to Volkswagen's objection to Nudelman's "contraband" research

23  and contends that it was related to "a key issue in the litigation" concerning the "legality"

24  of the vehicle that Vodonick purchased.  Reply (dkt. 26) at 8.  Although Vodonick argues

25  that the "contraband" issue was a "necessary and reasonable argument," he fails to

26  demonstrate how it was related to Vodonick's case, which was stayed during the time of

27  his research.  <u>Id.</u>; <u>See also</u> <u>Jacobson v. Persolve, LLC</u>, 2016 WL 7230873, at *11 (". . .

28  [C]ourts look to whether the hours spent on such motions were 'reasonably spent in pursuit

United States District Court
Northern District of California

United States District Court
Northern District of California

of the litigation'")(citing <u>Jadwin v. Cty. of Kern</u>, 767 F. Supp. 2d 1069, 1109–10 (E.D. Cal. 2011)).

Lastly, Volkswagen objects to 45.4 hours recorded by Nudelman on the basis that they were spent on inefficient or otherwise excessive work. Opp'n (MDL dkt. 7678) at 13. Volkswagen disputes 9.5 hours related to a May 10, 2019 conference and argues that Nudelman did not "participate" in the conference. <u>Id.</u> Vodonick explains in his reply that Nudelman traveled from Nevada City to attend the May 10 Case Management Conference but "did not sit at the Counsel table or wander up to the podium to announce his presence." <u>See</u> Reply (dkt. 26) at 11. Nudelman's explanation is supported by the record, as the Court declined to have opt-out lawyers state their appearances due to the large amount of opt-out lawyers present at the May 10 hearing. <u>See</u> <u>In re: Volkswagen "Clean Diesel" Marketing, Sales Prac., and Prod. Liab. Litig.</u>, 2020 WL 2086368, at *13; <u>see also</u> Transcript of May 10, 2019 Proceedings (dkt. 6310) at 3:12–16. However, the Court agrees that the time entries, referenced in Appendix H, are excessive considering both the amount of time recorded for each task and Nudelman's experience. <u>See</u> Appendix H, Opp'n (MDL dkt. 7678); <u>see also</u> <u>Hernandez v. Grullense</u>, 2014 WL 1724356, at *13. Accordingly, the Court reduces the hours listed in Volkswagen's Appendix H by 83% to 7.7 hours.

### c.   Multiplier

California courts sometimes adjust the lodestar amount with a multiplier. <u>Ketchum v. Moses</u>, 24 Cal. 4th 1122, 1132 (Cal. 2001). Factors relevant to the propriety of a multiplier include "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." <u>Id.</u>

Vodonick requests a 1.3 multiplier (or 30% enhancement), which Volkswagen opposes. Brief (dkt. 23-1) at 14; Opp'n (MDL dkt. 7678) at 14. First, Vodonick argues that a multiplier is warranted because Volkswagen's refusal "to take the issue of liability off the table at an early date . . . [was] the sole and exclusive reason that it has taken almost

14

five years for Plaintiff to resolve the non-personal injury element of his case." Brief (dkt. 23-1) at 14. Second, Vodonick argues that Nudelman's representation of Vodonick in this case precluded him from accepting other employment for almost five years. Id. at 11. Third, Vodonick argues that he is entitled to a multiplier because Nudelman obtained excellent results and "singled handedly brought about the Judicial Coordination of the non-MDL cases in California." Reply (dkt. 26) at 12; Brief (dkt. 23-1) at 11–12.

No circumstance that would warrant a multiplier applies here. First, Vodonick's claim that Volkswagen denied all liability is not true. See Transcript of Proceedings (MDL dkt. 1270) at 19 ("[This] is a case in which liability has been conceded."); See, e.g. Volkswagen Answer (MDL dkt. 6766); Volkswagen Answer (MDL dkt. 6799). Because Volkswagen did in fact concede liability, Vodonick has not demonstrated any particularly novel or difficult legal questions involved in this litigation. Finally, because this case was stayed from January 2016 until June 2020, it is unclear why Nudelman's involvement precluded him from taking on other employment for five years. See Pretrial Order (MDL dkt. 2) at 1, 3; Scheduling Order (MDL dkt. 7515). The Court finds that Vodonick is not entitled to a multiplier.

### d.    Conclusion

In sum, the Court adjusts Vodonick's lodestar as follows:

| Docket Review | $500 x 0 hours = | $0 |
|---|---|---|
| Complaint Research and Drafting | $500 x 9.65 hours = | $4,825 |
| JCCP Coordination | $500 x 5 hours = | $2,500 |
| Remand Motions | $500 x 10 hours = | $5,000 |
| Client Conferences | $500 x 7 hours = | $3,500 |
| Fact Sheet | $500 x 3 hours = | $1,500 |
| Clerical Tasks | $500 x 0 hours = | $0 |
| Unnecessary Work | $500 x 7.7 hours = | $3,850 |
| **TOTAL** | **$500 x 42.35 hours =** | **$21,175** |

United States District Court
Northern District of California

1  Vodonick is awarded $21,175 in attorneys' fees.

2  **B.**    **Costs**

3  Rule 54(d) of the Federal Rule of Civil Procedure allows the prevailing party to

4  recover costs, not including attorneys' fees, unless a federal statute, court order, or other

5  federal rule provides otherwise. Fed. R. Civ. P 54(d)(1).  Local Civil Rule 54-1 requires a

6  party "claiming taxable costs" to "serve and file a bill of costs," which must be supported

7  by an affidavit.  L.R. 54-1(a).  Additionally, the party must attach to the bill of costs

8  appropriate documentation to support each item claimed.  Id.  Volkswagen argues that

9  Vodonick is not entitled to recover any costs because he did not file a bill of costs.  Opp'n

10  (MDL dkt. 7678) at 15 (citing Jones v. City of Oakland, No. 11-cv-4725-YGR, 2013 WL

11  3793893, at *2 (N.D. Cal. July 18, 2013)(finding that the defendant's costs were not

12  taxable to the plaintiff because defendant did not comply with the local rule's affidavit

13  requirement)).

14  Because Vodonick failed to comply with the local rule, he is not entitled to recover

15  costs.

16  **IV.   CONCLUSION**

17  For the foregoing reasons, this Court grants in part and denies in part Vodonick's

18  motion for attorneys' fees and costs.  The Court awards Vodonick $21,175 in attorneys'

19  fees.

20  **IT IS SO ORDERED.**

21  Dated: October 15, 2020

22  CHARLES R. BREYER
United States District Judge

23

24

25

26

27

28

16